1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7
8
9
10
11
12

NAWAF M. ABU-AIASH,                          )
                                             )       Case No. 2:12-cv-01749-LRH-PAL
                          Plaintiff,         )
                                             )       **ORDER**
vs.                                          )
                                             )       (IFP App - Dkt. #1)
STATE OF NEVADA,                             )
                                             )
                          Defendant.         )
_____)

13       Plaintiff Nawaf M. Abu-Aiash is proceeding in this action pro se, has requested authority

14  pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a complaint. *See* Application

15  to Proceed In Forma Pauperis (Dkt. #1).  This proceeding was referred to this court by Local Rule IB 1-

16  9.

17  **I.    *In Forma Pauperis* Application**

18       Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

19  and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be

20  granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

21  **II.   Screening the Complaint**

22       Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

23  complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is

24  legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a

26  court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

27  with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

28  / / /

1   deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

2   1995).

3   Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

4   failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

5   ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

6   2000).  A properly pled complaint must provide a short and plain statement of the claim showing that

7   the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

8   555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels

9   and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129

10  S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as

11  true all well-pled factual allegations contained in the complaint, but the same requirement does not

12  apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,

13  supported only by conclusory allegations, do not suffice. *Id.* at 1949.  Secondly, where the claims in the

14  complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.

15  *Twombly,* 550 U.S. at 570.

16  The complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983

17  and names the State of Nevada as the only Defendant.  Plaintiff alleges he was wrongfully incarcerated

18  in Clark County Detention Center for 106 days between May 12, 2012, and August 29, 2012.  He

19  contends that a preliminary hearing was held in Las Vegas Justice Court on May 29, 2012, in case

20  number 12F052X.  He then awaited trial in the Eighth Judicial District Court in Clark County, Nevada,

21  until the court dismissed the charges on the District Attorney's motion on August 28, 2012, and was

22  released from custody.

23  In order to state a claim under section 1983, a plaintiff must allege that a right secured by the

24  Constitution has been violated, and the deprivation was committed by a person acting under color of

25  state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  States and state officials sued in their

26  official capacity are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona,*

27  520 U.S. 43, 69 (1997) (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)); *Doe v.*

28  *Lawrence Livermore Nat'l Lab.,* 131 F.3d 836, 839 (9th Cir. 1997) (citing *Will,* 491 U.S. at 71).

2

1  Section 1983 claims against states are therefore legally frivolous.  *See Jackson v. Arizona,* 885 F.2d

2  639, 641 (9th Cir. 1989), *superceded by statute on other grounds as set forth in Lopez v. Smith,* 203

3  F.3d 1122, 1130 (9th Cir. 2000) (en banc).[1]  Additionally, the Eleventh Amendment bars suits against

4  an unconsenting state.  *See Brooks v. Sulphur Springs Valley Elec. Coop.,* 951 F.2d 1050, 1053 (9th

5  Cir. 1991).  For both these reasons, Plaintiff cannot state a  42 U.S.C. § 1983 claim against the State of

6  Nevada.

7        The complaint does not name any individuals who allegedly wrongly incarcerated him.  It does

8  not state any facts supporting his conclusion that he was wrongfully incarcerated. His allegations that he

9  was arrested, charged and kept in custody while awaiting trial before the unspecified charge was

10  dropped is insufficient to state a claim for a violation of his constitutional rights.  Additionally, Plaintiff

11  states he had a preliminary hearing in Justice Court.  A preliminary hearing is a probable cause hearing

12  to determine whether there is sufficient evidence to hold a defendant for trial.  Under Nevada law if the

13  judge finds from the evidence presented at the preliminary hearing that there is probable cause to

14  believe that a criminal offense was committed, and that the defendant committed the offense, the

15  defendant is held to answer for the offense in the district court.  *See* Nev Revised Stat. 171.206.  As

16  Plaintiff states he had a preliminary hearing and was set for trial in district court it appears a judge

17  found probable cause that an offense was committed and that the Plaintiff committed the offense.

18  Nothing in the complaint explains how Plaintiff believes he was wrongfully incarcerated, or who was

19  responsible for wrongfully incarcerating him.

20        Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's complaint is dismissed for failure to state a claim

21  upon which relief may be granted.  The Court will, however, grant Plaintiff leave to file an amended

22  complaint.  If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that

23  he should specifically identify each defendant to the best of his ability, clarify what constitutional right

24

25  _____

26  [1]There is one exception which is set forth in *Will,* 491 U.S. at 71 n.10.  There, the Supreme Court
clarified that a state official may be sued in his or her official capacity for prospective injunctive relief.

27  *See Lawrence,* 131 F.3d at 838 (internal citation omitted).  Plaintiff's complaint does not name any state
official in his or her official capacity or request prospective injunctive relief.  This exception does not

28  apply.

he believes each defendant has violated and support each claim with factual allegations about each defendant's actions.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the complaint.

4. Plaintiff's complaint is DISMISSED with leave to amend.

5. If Plaintiff believes the noted deficiencies can be corrected, he may file an amended complaint no later than **February 22, 2013**.  The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

4

6.      Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:12-cv-01749-LRH-PAL** above the words "FIRST AMENDED"in the space for "Case No."

7.      Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 22nd day of January, 2013.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5