1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7   NAWAF M. ABU-AIASH,                    )
                                          )          Case No. 2:12-cv-01749-APG-PAL
8                          Plaintiff,      )
                                          )          **REPORT OF FINDINGS AND**
9   vs.                                    )          **RECOMMENDATION**
                                          )
10  STATE OF NEVADA,                       )          (Amended Complaint - Dkt. #5)
                                          )
11                         Defendant.      )
                                          )
12  _____

13          Plaintiff Nawaf M. Abu-Aiash is proceeding in this action pro se and in forma pauperis.

14  Previously, the court screened his Complaint (Dkt. #4) pursuant to 28 U.S.C. § 1915 and found that he

15  had not stated a claim.  The court dismissed Plaintiff's Complaint with leave to amend and allowed

16  Plaintiff an opportunity to file an Amended Complaint.  *See* Order (Dkt. #3).  Plaintiff filed an

17  Amended Complaint, which the court will now review pursuant to § 1915(a).

18          Federal courts are given the authority dismiss a case if the action is legally "frivolous or

19  malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a

20  defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a

21  complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions

22  as to curing its deficiencies, unless it is clear from the face of the complaint that the

23  deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

24  1995).

25          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

26  failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

27  ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

28  2000).  A properly pled complaint must provide a short and plain statement of the claim showing that

1    the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

2    555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels

3    and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129

4    S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as

5    true all well-pled factual allegations contained in the complaint, but the same requirement does not

6    apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,

7    supported only by conclusory allegations, do not suffice. *Id.* at 1949.  Secondly, where the claims in the

8    complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.

9    *Twombly,* 550 U.S. at 570.

10        The Amended Complaint was filed on the court's form civil rights complaint pursuant to 42

11    U.S.C. § 1983 and names the Califonia Hotel & Casino, Nevada Gaming Control Board Agent David

12    Austin, Slot Supervisor Marina Bouley, and Deputy District Attorney Kristina Rhoades as Defendants.

13    He claims Defendants deprived him of his "right to freedom" and right to a jury trial.  Specifically,

14    Plaintiff alleges he was arrested by Mr. Austin, but he had done nothing unlawful, and as a result of the

15    arrest and prosecution, he was incarcerated for three months.  He contends that the District Attorney

16    dropped the charges against him on the first day of trial.  Plaintiff asserts he was denied a jury trial and

17    "did not have the chance to prove [his] innocence and to uncover the conspiracy against me."  First

18    Amended Complaint at 3.  Additionally, he alleges that "there is a possibility that David Austin is a

19    corrupt agent and may have taken bribes from Defendant California Hotel & Casino to find a scape goat

20    for their problem." *Id.* at 4.

21        In order to state a claim under section 1983, a plaintiff must allege that a right secured by the

22    Constitution has been violated, and the deprivation was committed by a person acting under color of

23    state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).   Plaintiff does not allege that

24    California Hotel & Casino or Slot Supervisor Marina Bouley are state actors.  Accordingly, he cannot

25    state a § 1983 claim against them.

26        With respect to Plaintiff's wrongful incarceration claim, the Amended Complaint does not state

27    any facts supporting his conclusion that he was wrongfully incarcerated.  The allegations that he was

28    arrested, charged, and kept in custody while awaiting trial before the unspecified charge was dropped is

1    insufficient to state a claim for a violation of his constitutional rights.  Additionally, Plaintiff states he

2    had a preliminary hearing in Justice Court.  A preliminary hearing is a probable cause hearing to

3    determine whether there is sufficient evidence to hold a defendant for trial.  Under Nevada law, if the

4    judge finds from the evidence presented at the preliminary hearing that there is probable cause to

5    believe that a criminal offense was committed, and that the defendant committed the offense, the

6    defendant is held to answer for the offense in the district court.  *See* NRS 171.206.  As Plaintiff states

7    he had a preliminary hearing and was set for trial in district court  a judge found probable cause that an

8    offense was committed and that the Plaintiff committed the offense.  Probable cause amounts to a

9    reasonable ground to suspect a person has committed or is committing a crime.  *See, e.g.,* Black's Law

10   Dictionary (8th ed. 2004).  Probable cause is a fluid concept, and it amounts to more than a bare

11   suspicion but less than is required to justify a conviction.  *Id.; see also Illinois v. Gates,* 462 U.S. 213,

12   232 (1983)*.*  At trial it is the state's burden to prove that the defendant committed the offense charged

13   beyond a reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves a juror "firmly

14   convinced" the defendant is guilty.  *See United States v. Velasquez,* 980 F.2d 1275, 1278 (9th Cir.

15   1992).  A defendant is not required to prove he is innocent.   Based on Plaintiff's complaint allegations

16   it appears the prosecutor decided to dismiss the case against the Plaintiff because, although a judge

17   found probable cause the Plaintiff committed the offense charged she did not believe she could prove

18   the offense charged beyond a reasonable doubt.

19          Finally, Plaintiff has not stated any facts against Defendants David Austin or Kristina Rhoades

20   to support a claim under section 1983.  As Plaintiff was advised it the court's previous Order (Dkt. #3)

21   dismissing the Complaint with leave to amend, there can be no liability under 42 U.S.C. § 1983 unless

22   there is some affirmative link or connection between a defendant's actions and the claimed deprivation.

23   *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v.*

24   *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  The Amended Complaint has not clarified what

25   constitutional right(s) he believes each of these Defendants has violated.  Plaintiff has not supported his

26   claims against Defendants Austin or Rhoades with specific factual allegations about what they did to

27   deprive him of any rights.  Moreover, Plaintiff's conclusory and unsupported allegation that Defendant

28   Austin may be corrupt is speculative and does not state a claim.

1    Additionally, with respect to Defendant Rhoades, it is well-settled that prosecutors are

2  absolutely immune from liability for violating the constitutional rights of others when acting within the

3  scope of their duties.  *See Imbler v. Pachtman*, 434 U.S. 409, 427 (1976).  Prosecutors engaged in

4  traditional prosecutorial functions–i.e., those activities "intimately associated with the judicial phase of

5  the criminal process"–are absolutely immune from suits under Section 1983.  *Id.* at 430.  Here,

6  Plaintiff's allegations about Defendant Rhoades are that she "was trying to squeeze a plea bargain out

7  of [him]."  Amended Complaint at 5.  It is well-settled that in the American criminal justice system, as

8  long as the prosecutor has probable cause to believe the accused committed a crime, prosecutorial

9  decisions rest entirely in the prosecutor's discretion.  *See United States v. LaBonte,* 520 U.S. 751, 762

10  (1997); *United States v. Banuelos-Rodriguez,* 215 F.3d 969, 976 (9th Cir. 2000).  Courts generally have

11  no place interfering with a prosecutor's discretion regarding who to prosecute, what charges to file, and

12  whether to engage in plea negotiations.  *Banuelos-Rodriguez,* 215 F.3d at 976.  Defendant Rhoades'

13  conduct falls squarely within the traditional prosecutorial function, and she is immune from Plaintiff's

14  claim.

15    Simply put, Plaintiff has not cured the deficiencies in the Complaint outlined in the court's

16  previous Order (Dkt. #3).  For all of these reasons,

17    **IT IS RECOMMENDED** that the Amended Complaint be DISMISSED for failure to state a

18  claim upon which relief can be granted.

19    Dated this 8th day of July, 2013.

20

21

22  PEGGY A. LEEN
    UNITED STATES MAGISTRATE JUDGE

23    **NOTICE**

24    These findings and recommendations are submitted to the United States District Judge assigned

25  to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being

26  served with these findings and recommendations, any party may file written objections with the court.

27  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and

28  recommendations of a magistrate judge shall file and serve *specific writtenobjections* together with

4

points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.